# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER J. BARNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-1001-JD |
| ) | |
| CHRISTE QUICK,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a *pro se* state prisoner, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). Under Rule 4 of the Rules Governing Section 2254 Cases,[2] the undersigned has promptly examined the Petition and, for the reasons set forth below, recommends that this action be **TRANSFERRED** to the United States District Court for the Eastern District of Oklahoma.

---

[1] The proper respondent in a § 2241 action is the warden of the facility where the prisoner is being held. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall "name the person who has custody over him"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Christe Quick is the current warden at the Oklahoma State Penitentiary. *See* https://oklahoma.gov/doc/facilities.html (last accessed Sept. 27, 2024).

[2] The court may apply 28 U.S.C. § 2254 rules to a § 2241 petition. *See* Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

I.  **Background**

Petitioner filed this Petition on September 26, 2024, challenging the administration of his criminal sentence arising from his conviction in Tulsa County District Court, Case No. CF-2019-3570. (Doc. 1). He contends he was found guilty of a prison misconduct and lost 2,063 earned time credits. (*Id.* at 2). He asserts the Administrative Review Authority reversed the finding of guilt, but that the "mandate was not followed." (*Id.* at 3, 6). He seeks the "full dismissal" of his misconduct, the restoration of his earned credits, his "level 4 restored," and his lost gang pay. (*Id*. at 8).

II.  **Analysis**

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996)); *see also Phillips v. Kaiser*, 47 F. App'x 507, 511 n.4 (10th Cir. 2002) (noting the Tenth Circuit's "clear holding that § 2241 petitions must be filed in the district in which the prisoner is confined" whether it is attacking the execution of a state or federal sentence). Petitioner is presently confined at the Oklahoma State Penitentiary in the city McAlester, Oklahoma, (Doc. 1, at 1), which lies in Pittsburg County, which is within the territorial jurisdiction of the United States District Court Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Thus, jurisdiction is proper in that court, and not here.[3]

---

[3] Under 28 U.S.C. § 2241(d) – which provides that the district court of conviction and the district court for the district of confinement have concurrent jurisdiction over a state prisoner's application for writ of habeas corpus – jurisdiction is not proper in this court

2

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (internal quotation marks omitted).  The court has "discretion . . . to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  "[F]actors warranting transfer rather than dismissal . . . include finding that the new action would be time barred; that the claims are likely to have merit*;* and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n.16 (internal quotation marks and citations omitted).  It does not appear from the face of the Petition that the action would be time barred if Petitioner filed a new action in the proper forum.  However, the claim is potentially meritorious and the undersigned has reason to believe Petitioner filed this action here in good faith because he named – albeit improperly – the director of the Administrative Review Authority in Oklahoma City as a respondent.  Thus, the undersigned finds it is in the interest of justice to transfer this matter to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be **TRANSFERRED** to the United States District Court for the Eastern District of Oklahoma.

---

because Petitioner was convicted in Tulsa County, which lies within the territorial jurisdiction of the Northern District of Oklahoma.  *See* 28 U.S.C. § 116(a).

**Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 22, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 1st day of October, 2024.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE