IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER J. BARNETT,

      Petitioner,

v.

MICHAEL MILLER,

      Respondent,[1]

Case No. 24-CV-416-RAW-GLJ

**OPINION AND ORDER**

Petitioner Christopher J. Barnett ("Barnett"), a state prisoner appearing pro se, brought this action for habeas corpus relief under 28 U.S.C. § 2241. Dkt. 1. Respondent filed a Motion to Dismiss ("Motion") in response to the Petition. Dkt. 21. Having reviewed the Petition (Dkt. 1), the Motion to Dismiss (Dkt. 21) and applicable law, the court grants the Motion.

    **I.**    **Barnett's claim**

At the time of filing his Petition, September 21, 2024, Barnett was a state prisoner at the Oklahoma State Penitentiary. Dkt. 1 at 1, 9.[2] Barnett received a "Class X" offense and lost 2063 earned time credits. *Id.* at 2. Barnett appealed this outcome, and the Administrative Review Authority ("ARA") ordered a disposition hearing within fifteen days of its order. *Id.* at 3, 6. Barnett's only ground for relief is that he "is still Level 1 & the mandate was not followed." *Id.* at

---

[1] Barnett presently is incarcerated at the Allen Gamble Correctional Center, and Michael Miller is the current warden of that facility. The court therefore substitutes Michael Miller, Warden, in place of William "Chris" Rankins as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] The court's citations refer to CM/ECF header pagination.

6. Barnett seeks "full dismissal …, [his] 2063 earned credits restored, my level 4 restored, my lost gang pay restored along with cost and fees of this action." *Id.* at 1, 8.

## II.     Respondent's Motion

Respondent outlined the history of Barnett's offense and lost credits in the Motion. *See* Dkt. 21. On May 13, 2024, Barnett received an offense report for prohibited possession of computer equipment. Dkt. 21 at 1; *see also* Dkt. 21-3 at 1. On May 20, 2024, Barnett was found guilty of the disciplinary violation, and the offense was classified as a "Class X" misconduct. Dkt. 1 at 2; *see also* Dkt. 21-3 at 8. Therefore, he lost all earned credits. Dkt. 1 at 2; *see also* Dkt. 21-3 at 8. Barnett unsuccessfully appealed the outcome of the disciplinary hearing to the facility head. Dkt. 1 at 2; *see also* Dkt. 21-3 at 9-10.

Barnett then appealed the discipline to the ARA, who determined the charge should be amended to Class A misconduct for "possession of an item not authorized by the facility." Dkt. 1 at 2; *see also* Dkt. 21-3 at 15. The ARA also ordered a new hearing be granted to Barnett. Dkt. 1 at 2; *see also* Dkt. 21-3 at 15. A Class A offense does not carry the sanction of lost earned credits. Dkt. 1 at 2.

On August 22, 2024, Barnett again appealed to the ARA the Class A Misconduct. *Id.; see also* Dkt. 21-3 at 16. The ARA advised Barnett the Class A Misconduct was not appealable to the ARA. Dkt. 1 at 2*; see also* Dkt. 21-3 at 18*.* On September 13, 2024, and September 19, 2024, Barnett notified the ARA he had not received the re-hearing as ordered by the ARA. Dkt. 1 at 2; *see also* Dkt. 21-3 at 19-20. On September 24, 2024, the ARA fully dismissed and expunged the misconduct proceeding and ordered the restoration of earned credits. Dkt. 1 at 2-3; *see also* Dkt. 21-3 at 21. Respondent represents Barnett's revoked credits have been restored. Dkt. 1 at 3. Respondent also states Barnett has not submitted any further grievances or appeals related to the

earned credits, his level or any other issue related to the disciplinary hearing. *Id.*; *see also* Dkt. 21-5. Therefore, Respondent argues Barnett's claim is moot and any requested relief that has not been mooted by the restoration of credits is unexhausted. *See* Dkt. 21 at 4-8.

Barnett did not respond Respondent's Motion.

### III.     Analysis

The court agrees the majority of Barnett's Petition is moot. Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). So, "if an event occurs while a case is pending ... that makes it impossible for the court to grant 'any effectual relief … to a prevailing party,'" the case becomes moot. *Id.* at 1213 (citation and internal quotations omitted).

It is Barnett's burden to establish this court has jurisdiction. *See Wilcox v. Aleman*, 43 F. App'x. 210, 212 (10th Cir. 2002) (holding habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from the mootness death knell"). So, once Respondent factually attacked jurisdiction, Barnett was required to "present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001) (citation omitted).

#### A. Dismissal of disciplinary action and restoration of earned credits

As an initial matter, Barnett has failed to carry this burden. Respondent presents evidence that his disciplinary action has been dismissed and his 2063 earned credits were restored. Dkts. 21-2 and 21-3 at 21. Barnett does not dispute this contention or counter it with any evidence. Accordingly, this portion of Barnett's claim is moot and dismissed. *See Thomas v. Chester,* 561 F.

App'x 656 (10th Cir. 2014)[3] (affirming the district court's dismissal of petitioner's § 2241 petition on grounds prison officials' restoration of all his earned credits rendered his petition moot); *see also Wiggins v. Stancil,* Case No. 19-CV-1653-RBJ, 2019 WL 4464135 (D. Colo. Sep. 18, 2019) (unpublished) (finding petitioner's requests for expungement of disciplinary conviction and restoration of good-time credits were moot by the expungement of the disciplinary conviction and restoration of credits).

### B. Level 4 restoration

Barnett claims because of the disciplinary proceeding his level was changed from 4 to 1. Dkt. 1 at 7. And, it has not been restored. *See id.* at 8.[4] The court concludes Barnett's challenge to his security classification is not cognizable in a § 2241 action. "Section 2241 requires a petitioner to challenge the fact of—not the conditions of—confinement." *Stanko v. Quay*, 356 F. App'x 208, 210 (10th Cir. 2009). To the extent Barnett argues he is entitled to a lesser classification, he must pursue this claim under *Bivens* ,403 U.S. 388 (1971). *Id.*

Furthermore, Respondent alleges this request is unexhausted. To the extent it is cognizable pursuant to § 2241, it is subject to dismissal for lack of exhaustion. According to the Tenth Circuit, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief...." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Respondent argues Barnett has not submitted any further grievances or appeals related to his "earned credit level or any other issue related to the disciplinary proceeding." Dkt. 21 at 3; *see also* Dkt. 21-5. Barnett does not dispute

---

[3] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).
[4] The court notes in his December 5, 2024 "Motion for Summary Judgment," Barnett states he is "now Level 2." Dkt. 22 at 1.

this contention. Based on the record before the court, the court concludes Barnett's claim for restoration of his level is unexhausted and must be dismissed without prejudice.

### C. Gang pay

Next, Barnett requests "lost gang pay." Dkt. 1 at 8. Respondent does not specifically address this request. However, Barnett does not have a constitutional right to have the prison grant him prison pay that he would have had the opportunity to earn without the disciplinary charge. *See Smith v. Ortiz*, Case No. 05-1211, 2006 WL 620871, at *3 (10th Cir. Mar. 14, 2006) (unpublished) (holding the district court properly dismissed prisoner's bid to have awarded to him prison pay that he would have had the "opportunity to earn" but for the improper placement in segregation due to a disciplinary conviction that officials later expunged) (citing *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978)); *Dulworth v. Evans*, Case No. CIV-05-1106-F, 2006 WL 2246671, at *4 (W.D. Okla. Aug. 4, 2006) (unpublished) (adopting magistrate judge's finding petitioner's request for back gang pay did "not preclude a finding that [his] case [was] moot" because "[m]onetary damages are not available in federal habeas corpus proceedings").

The court cannot grant any effectual relief as to Barnett's claim for lost gang pay. *See Adams v. Allbaugh*, Case No. CIV-16-45-HE, 2016 WL 5416617, at *2-3 (W.D. Okla. Sep. 6, 2016) (unpublished), *report and recommendation adopted by* 2016 WL 5416524 (W.D. Okla. Sep. 28, 2016). Therefore, the court dismisses as moot this request as well.

### D. Costs and fees of the action

Lastly, Barnett seeks the "cost and fees of this action." Dkt. 1 at 8. The undersigned liberally construes this language as a (premature) motion for prevailing party fees under Fed. R. Civ. P. 54. A party must obtain some form of judicial relief, such as judgment on the merits, to be characterized a "prevailing party." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of*

5

*Health & Human Res.*, 532 U.S. 598, 604-06 (2001). In other words, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the [petitioner] sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. The ultimate return of Barnett's credits and dismissal of the disciplinary action without any judicial interference does not render Barnett a prevailing party. *See Adams*, 2016 WL 5416617, at *3. Therefore, the court denies Barnett's request for reimbursement of litigation costs.

For the reasons articulated, the court grants Respondent's Motion to Dismiss (Dkt. 21) and dismisses Petitioner Christopher J. Barnett's Petition (Dkt. 1). Further, the court declines to issue a certificate of appealability as no issues presented in the Petition deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. Pending motions

The court grants Barnett's Motion to Admit Evidence (Dkt. 16). The Motion to Admit Evidence contained the September 24, 2024 Response wherein the ARA dismissed the disciplinary action and directed Barnett's earned credits be restored. Dkt. 16 at 2; *see also* Dkt. 21-3 at 21. The court considered this document in adjudicating the Motion to Dismiss.

The court denies as moot Barnett's Motion for Summary Judgment (Dkt. 22).

### V. Conclusion

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Dkt. 21) is **GRANTED**, Petitioner Christopher J. Barnett's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**, a certificate of appealability is **DENIED**, and a separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that Barnett's Motion to Admit Evidence (Dkt. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Barnett's Motion for Summary Judgment is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Michael Miller, Warden, in place of William "Chris" Rankins as party Respondent.

**DATED** this 30th day of December, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE